IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEDRA GHEE, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 1:08-CV-0606-JEC |
| | :: | |
| v. | :: | |
| | :: | |
| ROBERT CASTELLANI, | :: | CIVIL RIGHTS |
| DeKalb County Superior Court Judge, | :: | 42 U.S.C. §§ 1983, 1985, 1986 |
| JOHNNY PANOS, | :: | |
| DeKalb County State Court Judge, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff has submitted the instant *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, & 1986. She has been granted *in forma pauperis* status. The matter is now before the Court for an initial screening.

### I. Legal Framework

**A.   28 U.S.C. § 1915(e)(2) Review**

A federal court "shall dismiss" an *in forma pauperis* action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless,"

or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007).

**B.     42 U.S.C. §§ 1983, 1985, & 1986 Causes of Action**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). To state a claim for relief under § 1985(3), a plaintiff must allege

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, [the plaintiff] of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby [the plaintiff] is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001). To state a claim for relief under § 1986, a plaintiff must allege that a defendant had "knowledge that any

2

of the wrongs conspired to be done, and mentioned in [§ 1985, were] about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglect[ed] or refuse[d] so to do." Park v. City of Atlanta, 120 F.3d 115, 1159 (11th Cir. 1997).

If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, her claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation). See also L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. Plaintiff's Allegations

Plaintiff, a "black female," seeks relief herein against the two named Defendants: (1) Judge Castellani, in his official capacity as a DeKalb County Superior Court judge, and (2) Judge Panos, in his individual and official capacities as a DeKalb County State Court judge. (Compl. [2] ¶¶ 1-3, 5.) Plaintiff asserts that Defendants, by denying her *in forma pauperis* status on four separate occasions, deprived her of the rights, privileges, and immunities afforded to her under the First and Fourteenth

3

Amendments, including freedom of speech, access to the courts, equal protection of the law, and due process. (Id. ¶¶ 4-5.) Plaintiff also alleges that Judge Castellani "neglected to prevent" a conspiracy to deny her rights, involving, among others, Judge Panos, "Attorney Craig [Goodman, Attorney] Ruthanne Goodman and [DeKalb County] Appeals Clerk Kelly O'Quinn." (Id. ¶¶ 5, 24.)

From Plaintiff's complaint and attached exhibits, this Court ascertains that the Target National Bank successfully sued Plaintiff in DeKalb County State Court, Judge Panos presiding, with judgment entered against her on January 9, 2006. Plaintiff then filed an appeal and sought leave to proceed *in forma pauperis*, which Judge Panos twice denied her, in February and May 2006. On May 12, 2006, Plaintiff filed a motion for Judge Panos's recusal, and he ordered the motion to be held in abeyance pending the resolution of Plaintiff's appeal. On June 28, 2006, Plaintiff filed an application for a writ of prohibition against Judge Panos, and on July 25, 2006, Judge Castellani denied that application. (On June 25, 2007, the Georgia Supreme Court affirmed Judge Castellani's ruling.) On January 29, 2007, Plaintiff filed a motion to set aside the January 9, 2006, judgment against her. On or about March 5, 2007, the Georgia Court of Appeals dismissed Plaintiff's appeal due to "No Costs Paid and Affidavit of Poverty Denied" and remanded her case to state court. Thereafter, Judge

4

Panos denied Plaintiff's motion to set aside the judgment. Finally, on January 7, 2008, Plaintiff sought to enjoin Judge Panos's further involvement in her civil proceedings. Judge Castellani denied Plaintiff leave to proceed *in forma pauperis* in that action. (Id. ¶¶ 6-14, Exs. A-K.)

Plaintiff sets forth six "counts" for relief. She first claims that Judge Castellani's rulings on July 25, 2006, and on or about January 7, 2008, aided Judge Panos in the denial of her constitutional rights and denied her access to the courts and equal protection of the laws. (Id. ¶¶ 15-16 (Counts 1 and 2).) Plaintiff next claims that Judge Panos's refusal to rule on her recusal motion and his February and May 2006 orders denying her leave to proceed *in forma pauperis* violated her constitutional rights. (Id. ¶¶ 17-18 (Counts 3 and 4).) Finally, Plaintiff claims that these actions reveal Defendants' participation in a conspiracy, between themselves and with others, to deprive her of her constitutional rights. (Id. ¶¶ 19-25 (Counts 5 and 6).)

By way of relief, Plaintiff seeks (1) a ruling on the constitutionality of O.C.G.A. §§ 9-15-2, 15-6-13, and 15-6-21 and Superior Court Rule 25.3 (concerning the granting of *in forma pauperis* status and the handling of a recusal motion) and (2) injunctions "commanding the defendants to cease any acts of hindering [her] from addressing her grievance, because of inability to pay cost," and "to prevent future

denial of [her] rights to freedom of speech, equal protection and due process of law." (Compl. ¶¶ 28-31; see id. Ex. L.)

This Court notes the following procedural history of Plaintiff's state court cases, as set forth by the Georgia Court of Appeals on October 4, 2006:

> In an action on a credit card contract brought by Target National Bank ("Target"), [Plaintiff], acting pro se, appeals the grant of summary judgment to Target, the denial of her motion to dismiss, and the denial of her pauper's affidavit. For the following reasons, we must dismiss her appeal.
>
> There are three trial court orders relevant to this appeal: (1) a January 9, 2006 final judgment ruling on the merits of the case brought by Target and granting a judgment against [Plaintiff] for $10,811.55; (2) a February 13, 2006 order denying her pauper status; and (3) a March 22, 2006 order denying [her] motion to reconsider. On February 6, 2006, [she] filed a timely notice of appeal from the January final judgment. On March 10, 2006, separate from that pending appeal, [she] filed a discretionary application seeking to appeal both the final judgment and the denial of her pauper status. In April, pursuant to O.C.G.A. § 5-6-35(j), this Court granted [her] application as to the pauper's affidavit, but expressly limited that appeal to the pauper affidavit issue (as the application was untimely to reach the January final judgment, which was already the subject of the direct appeal), and, in accordance with O.C.G.A. § 5-6-35(g), allowed [her] ten days to file a notice of appeal applicable to that sole issue. Pursuant to that order, [Plaintiff] in April filed a timely notice of appeal, seeking not only to appeal the February order denying her pauper status, but also to appeal the January final judgment and the March order denying her motion to reconsider. [She] then voluntarily dismissed her February notice of appeal without paying filing costs.

6

> It is [Plaintiff's] April notice of appeal that gives rise to the appeal here. As explained in our April order authorizing that appeal, we granted [her] discretionary application only as to her appeal of the order denying her pauper's affidavit, and thus her attempts to include the January final judgment and the March order in this discretionary appeal are ineffectual. With respect to [Plaintiff's] direct appeal of the January final judgment, that appeal was the subject of [her] February notice of appeal, which appeal she voluntarily dismissed in the trial court prior to it ever being docketed in this Court. [Plaintiff] seeks to avoid this result by arguing that the trial court was required to enter an order to effect the dismissal, and that in the absence of such an order, that appeal is still pending. However, [Plaintiff's] voluntary dismissal of her February notice of appeal operated to dismiss her direct appeal, without further action by the trial court. As [Plaintiff] has now voluntarily dismissed her February notice of appeal relating to the January judgment, we no longer have jurisdiction to hear her appeal from that judgment.
>
> We turn now to the denial of [Plaintiff's] pauper application, which is the only issue authorized in our grant of [her] discretionary application. [Plaintiff] seeks to avoid appeal costs in our Court, which costs arose out of her direct appeal of the January final judgment. She has never paid those costs. Indeed, she has since dismissed that appeal without ever having paid those costs. Thus, her payment of those costs is now a moot issue, which renders moot her pauper application to avoid those costs. As the only issue in this appeal is now moot, we must dismiss this appeal.

Ghee v. Target Nat'l Bank, 637 S.E.2d 742, 742-43 (Ga. App. 2006) (citation and footnote omitted).

## III. Discussion

"[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Eleventh Circuit has concluded that the above language allows only declaratory relief against judicial officers, to which a plaintiff is not entitled if "there is an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000) (affirming dismissal of plaintiffs' claims for declaratory or injunctive relief because plaintiffs had adequate remedy at law, namely, right to "appeal any rulings, or actions taken, in their criminal cases" or to "seek an extraordinary writ such as a writ of mandamus").

Plaintiff has alleged herein that Defendants violated her rights via acts or omissions taken in their judicial capacities, and the record does not suggest that Plaintiff lacked an adequate remedy at law for those alleged violations. To the contrary, as set forth in the Georgia Court of Appeals' opinion quoted above, Plaintiff pursued such a remedy, albeit unsuccessfully. Equitable relief is available only in the absence of an adequate remedy at law, not as a substitute for a plaintiff's failure to obtain relief in the pursuit of that remedy. See Mathes v. United States, 901 F.2d

8

1031, 1033 (11th Cir. 1990) (concluding that federal district court lacked equitable jurisdiction over taxpayer's lawsuit "because the taxpayer had an adequate remedy of law available to him," namely, right to "petition the Tax Court for a redetermination of the [tax] deficiency," even though that right was no longer available because Tax Court previously had denied as untimely taxpayer's petition for redetermination). Accordingly, Plaintiff may not proceed on her claims for equitable relief against the named Defendants.[1]

---

[1] To the extent that Plaintiff intended to sue herein the private attorneys and court clerk mentioned in her complaint, her allegations of conspiracy are wholly conclusory and, therefore, do not state a claim for relief. See Crow, 49 F.3d at 683-84; Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (noting that "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy").

9

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 31 day of March, 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE